# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Glass, Director
Textbook Division
Department of Education
Austin, Texas

Dear Sir:

Opinion No. O-4066
Re: Multiple list selections
for first class high schools.

We have received your letter of October 6, 1941, in
which you ask the opinion of this department on the following
question, which we quote from your letter:

"Should the State Board of Education in its reso-
lution to the officials of first class high school sys-
tems of the State instruct that multiple list selec-
tions be made on the basis of the terms and conditions
of the original Article 2843 or on the basis of terms
and conditions of Article 2843 as amended by the
Forty-seventh Legislature?"

Article 2843, R.C.S., before it was amended by House
Bill 312, Acts 47th Legislature, R.S., read in part as follows:

". . . and for each high school branch of study
any one textbook of said multiple list adopted for
that subject may be selected for and used in any high
school of the State as the textbook on such branch in
that high school, but when such book is so chosen by
the local authorities from the multiple list adopted
such book shall be continued in that high school for
the entire five years of the adoption period. . . ."
(Emphasis supplied)

The above quoted provision was amended by House Bill
312 so that it now reads:

". . . and for each high school branch of study
any one or several of the textbooks of said multiple
list adopted for that subject may be selected; provid-
ed, however, that the several textbooks do not exceed

the allowable number equivalent to one textbook for
and used in any high school as the textbook or in
such a branch in that high school, but when such book
or books is or are so chosen by local authorities
from the multiple list adopted such book or books
shall be continued in that high school for the en-
tire five (5) years of the adoption period. . . ."
(Emphasis supplied)

House Bill 312 has an emergency clause, but apparently
the act did not pass with the recorded vote required to put it in-
to immediate effect. Therefore, the act did not become effective
until 90 days after the adjournment of the Legislature, or on or
about October 2, 1941. Article III, Section 39, Constitution of
Texas.

Under the provisions of Articles 2842 and 2843, a meet-
ing of the Board of Education was called for the second Monday
in October for the selection of textbooks, and the proclamation
calling for bids was issued two months in advance of the meeting.
Samples containing the price information were filed by the pub-
lishing companies not less than 30 days before the meeting under
the requirements of Article 2846.

Therefore, the proclamation was issued and the samples
were deposited before the effective date of House Bill 312. How-
ever, the meeting of the Board is to be held on October 13, 1941,
which is after the effective date of said bill.

You want to know whether the Board of Education should
instruct that multiple list selections be made under Article 2843
as originally enacted or as amended by House Bill 312. We are of
the opinion that the selection of books in the multiple list is
to be governed by the amended article.

It is the general rule that "a statute speaks as of the
time at which it takes effect." 39 Tex. Jur. 51. The amendatory
act became operative on October 2, 1941; therefore, after that
date multiple list selections must be governed by it. It follows
that each first class high school may choose "any one or several
of the textbooks" of the multiple list.

We have heretofore mentioned that House Bill 312 con-
tained an emergency clause. While the act did not pass with the

vote required to put it into immediate effect, the emergency clause is at least indicative of the legislative intent that the bill is to take effect as soon as possible. We quote from the opinion of the Supreme Court in the case of Popham v. Patterson, 121 Tex. 615, 51 S. W. (2d) 680, as follows:

"... . In determining the legislative intent, the court should not look alone to any one phrase, clause, or sentence of the act, but to the entire act; and this includes the caption, the body of the act, and the emergency clause. In this connection, we hold that, even when the emergency clause cannot be given effect as such, a till its provisions may be looked to if they aid the court in ascertaining the legislative intent.

". . . .

". . . . Had the act passed by the recorded vote required to put it into immediate effect, all persons interested would have had immediate notice that county superintendents elected in November, 1930, to take office January 1, 1931, would hold a four-year term. As the act did not get the required recorded vote to put it into immediate effect, this notice did not become operative until the act became a law, which was 90 days after the adjournment of the Legislature. . . ."

In view of the foregoing, it is the opinion of this department that the State Board of Education in its resolution to the officials of first class high schools of the State should instruct that multiple list selections be made under the provisions of Article 2845 as amended by the House Bill 312, Acts 47th Legislature, R. S."

The distinguishing features of the multiple list selection under the original act and under its amendment are set out in your letter as follows:

"In the original Article 2845 it was required that all schools make a single selection from the multiple list of not more than five books for each subject, whereas the amended Article 2845 allows any high school of first class to make its multiple list selections from any combination of the five books on the

> multiple list not to exceed a total number of books greater than the enrollment for the subject or the grade."

We do not believe that the publishing companies will be in any way injured by the amendatory act. Both the original act and its amendment require the Board of Education to adopt a multiple list of not less than three nor more than five textbooks. Under Article 2842 the textbook contracts cannot call for a specific number of textbooks, but only for such number of books as the State may need. Under Article 2846 the notice given by the Board of Education is required to state the subjects on which textbooks may be adopted, and the sample copies filed by the publisher are required to have stamped or printed therein the minimum quantities in which the book will be sold at the specified price, the minimum wholesale price of the book, etc. Therefore, as the list is determined and the bids made before the books enumerated in the list are selected, then can it be said that the publishers are injured because the first class high schools may select one or several books on the list instead of only one? We think not. Under the amended article, even though more than one book may be selected from the multiple list, the total number selected by all the first class high schools of the State, considered as a whole, might easily approximate that number selected by the different high schools, also considered as a whole, under the original act.

We trust that the foregoing discussion satisfactorily answers the questions in which you are interested.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (s) George W. Sparks
Assistant

GWS:db

APPROVED OCT. 11, 1941
(s) Glenn R. Lewis
Acting Attorney General
of Texas

APPROVED
Opinion Committee
By B.W.B. Chairman